**THE PERRY BANKING COMPANY, a corporation, v. CORINNE MOZINGO SWILLEY, joined by her husband, J. L. SWILLEY.**

17 So. (2nd) 103                                           January Term, 1944
February 29, 1944                                          En Banc

*T. J. Swanson,* for appellant.

*G. Warren Sanchez* and *J. F. McCall,* for appellees.

TERRELL, J.:

On December 8, 1934, E. Mozingo deposited $500 with Perry Banking Company under the following instructions:

> "Perry, Florida
> December 8, 1934

"The Perry Banking Company

"Perry, Florida

"Gentlemen:

"I am this day making a deposit in your bank of $500.00 in the Savings Account, to be credited to the account of myself, and Mrs. J. Pasco Morgan of Shady Grove, Florida. It is understood that these funds are to be handled and used and withdrawn exclusively by myself, personally—until my death. In event of my death, prior to the death of Mrs. J. Pasco Morgan,—then this money to be paid to her promptly and without reservation or the necessity of any administration of my estate.

"Please acknowledge the receipt of the deposit on the terms and conditions as above set forth.

> Respectfully yours,
> S/ E. Mozingo"

Perry Banking Company accepted the deposit by the following letter:

"December 8

"Dear Mr. Mozingo:

"The deposit of $500.00 is accepted and will be handled and paid out according to your instructions and will.

Yours very truly,
Perry Banking Company
By: S/ J. H. Scales"

E. Mozingo died intestate December 4, 1937, leaving as his sole surviving heirs two daughters, Mrs. J. Pasco Morgan and Mrs. Corrine Mozingo Swilley. On December 7, 1937, the bank paid the $500 pursuant to agreement with Mr. Mozingo, it having been made to appear that during the period of the deposit, he (Mozingo) had withdrawn the interest only and let the principal deposit remain intact.

Thereafter Mrs. Swilley advised the bank of her claim to one half the deposit but on advises from it that the full amount had been paid to Mrs. Morgan, she (Mrs. Swilley) brought this action against the bank to recover one half the deposit. At the trial, the court directed a verdict for the plaintiff for the sum claimed on which judgment was entered. This appeal was prosecuted.

Mrs. Swilley's claim is predicated on the theory that she is one of the two sole surviving heirs of E. Mozingo, that at his death the $500 became a part of his estate to be divided equally between them and that since he died intestate and owed no one, she was entitled to her share of his estate under the statute of descents. As against this contention, Mrs. Morgan claims the full sum of $500 on the basis of a gift from her father. Much of the briefs is devoted to the question of whether or not it was a gift inter vivos, a gift causa mortis or a deposit in trust.

In its technical aspect, the facts do not fit any of these categories. We think however, that it may be conclusively said that the deposit was one in trust, that the letter accompanying the deposit and the acceptance of its terms by the bank constituted a valid agreement between the bank and Mr. Mozingo that Mrs. Morgan was in position to enforce to the same extent as if it had been a contract to deliver a deed

or foreclose a mortgage. There is no inhibition whatever against a depositor making a contract of this kind with his banker and when shown to have been made in good faith and free from fraud, such contracts should be upheld.

If it had been a check drawn by Mozingo and presented after his death, it would have been paid or if it had been any valid contract made by him, it could have been enforced. The very terms of the contract took it out of the process of administration and shows beyond question Mozingo's intent. He could have made a like disposition by will but if a testator elects to dispose of his assets in the manner shown here, there is no legal objection to his doing so. There are no better safeguarded contracts than those between one sui juris and his banker. Sanctity of contract is fundamental in the law of this country, so much so that it is protected by the Constitution. A man's contracts may be enforced as well after as before his demise if they are not against public policy and pertain to matters about which contracts are permissible. The contract in question is assaulted on no valid ground and its terms are unequivocal. In this holding we do not overlook statutes affecting joint tenancy and others regarding the passing of property by descent and inheritance.

The declaration alleges that there were no debts against the estate of Mr. Mozingo and the court refused to allow pleas by the defendant in contradiction of this allegation. The declaration also shows that Mrs. Morgan and Mrs. Swilley are the only heirs of Mr. Mozingo. It is not charged that the contract between the bank and Mr. Mozingo was induced by fraud or over-reaching or that it was not made in good faith. In this State of the pleadings the demurrer to the declaration should have been sustained and the cause dismissed.

Other questions raised have been considered but we think they are without any substantial basis in law or fact.

Reversed.

BUFORD, C. J., concurs specially.

CHAPMAN and ADAMS, JJ., concur.

BROWN, J., agrees to judgment of reversal.

THOMAS and SEBRING, JJ., agree to conclusion.

BUFORD, C.J., concurring specially:

I concur in the judgment of reversal because I am convinced that the transaction here under consideration falls substantially within the purview of Sec. 653.16 F.S. 1941, (same F.S.A.) and that it was the intent of the depositor and the bank to make the deposit subject to the provisions of that statute.

This being true, the record shows that the bank was discharged when it paid out the fund as directed by the depositor. Judgment should be reversed.

BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.